## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 21-10698-tmd** |
| **WC Met Center, LLC,** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |
| | § | |

### DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S
### COMMENT REGARDING ORDER TO SHOW CAUSE

The Debtor in this bankruptcy case (this "**Debtor**") and affiliated debtors (the "**Debtors**") hereby respond to the *United States Trustee's Comment to Order to Show Cause* (the "**UST Comment**") and would show as follows:[1]

### Synopsis

1.      In the interest of efficiency, the Debtors file a response to the UST in the same pleading, though as set forth more fully herein, each Debtor and its particular chapter 11 proceeding presents distinct facts and circumstances that need be assessed on a case-by-case basis, with nearly all of the cases at or near the conclusion of their proceedings. Accordingly, the Debtors oppose the appointment of trustee or conversion of their cases so as to limit any interruption to the imminent resolution of the case, but also offer to implement Jeff Worley of Columbia Consulting Group, LLC as CRO and sole cash controller of the Debtors (he is presently financial advisor to the Debtors herein, and has served as CRO in another affiliate case) until the conclusion of the cases.

2.      Though this Debtor and other affiliated Debtors have admittedly failed from time to time in timely filing operating reports and in paying U.S. Trustee fees, it is still improper to

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning as defined or used in the UST Comment.

ascribe failures of this Debtor to related Debtors and vice-versa. Moreover, this Court's determination on its *Order to Show Cause* and on the *U.S. Trustee's Motion to Convert Case to Chapter 7* (the "**Motion to Convert**") should be considered in the context of the facts and circumstances each particular bankruptcy case and with the primary consideration of whether the appointment of a Chapter 11 trustee or the conversion of a Chapter 11 case to Chapter 7 is in the best interests of creditors. In that vein, it is in the best interest of creditors to allow this Debtor to remain as a debtor in possession. Finally, this Court should not consider new allegations made by the U.S. Trustee in the U.S.T. Comment that could have been, but were not, asserted in its Motion to Convert.

### Summary of the Debtors' Chapter 11 Cases

3. **WC South Congress Square, LLC (Case No. 20-11107)** ("**SCS**" and the "**SCS Case**").. In the SCS Case, the pre-petition lender's debt has been refinanced through an affiliate of Kennedy Lewis Investment Management LLC ("**KLIM**") and has been paid in full. Also, all past-due real property tax liens have been similarly satisfied. The SCS Debtor continues to operate its real property assets. the refinancing also provided more than sufficient proceeds to pay all anticipated administrative expenses (including professional fees) and pay pre-petition claims in full. Accordingly, all that remains in the SCS case is to process payment of the pre-petition and administrative claims, and negotiate a dismissal of the case with the new secured lender.

4. **WC 3rd & Trinity, LP (Case No. 21-10252)** ("**3rd & Trinity**"). Similar to SCS, in the 3rd & Trinity Case, the pre-petition lender's debt has been refinanced through an affiliate of KLIM and has been paid in full. Also, all past-due real property tax liens have been similarly satisfied. The 3rd & Trinity Debtor continues to operate its real property assets. The 3rd and

Trinity Debtor continues to operate its real property assets. The refinancing also provided more than sufficient proceeds to pay all anticipated administrative expenses (including professional fees) and pay pre-petition claims in full. Accordingly, all that remains in the 3rd & Trinity case is to process payment of the pre-petition and administrative claims, and negotiate a dismissal of the case with the new secured lender.

5. **Arboretum Crossing, LLC (Case No. 21-10546)** ("**Arboretum**"). In the Arboretum Case, the pre-petition lender's debt has been refinanced through an affiliate of KLIM and has been paid in full. Also, all past-due real property tax liens have been similarly satisfied. The Arboretum Debtor continues to operate its real property assets. The refinancing also provided more than sufficient proceeds to pay all anticipated administrative expenses (including professional fees) and pay pre-petition claims in full, which are to be processed in short order. Accordingly, all that remains in the 3rd & Trinity case is to process payment of the pre-petition and administrative claims, and negotiate a dismissal of the case with the new secured lender, which the Court has already ordered must occur in no later than 120 days from the closing of the KLIM facility. **WC 717 N. Harwood Property, LLC (Case No. 21-10630)** ("**717 N. Harwood**").  The 717 N. Harwood Debtor and its secured lender, SKW—B Harwood Seller J, LLC ("**SKW-B Harwood**") have agreed to a deadline of April 15, 2022 for the 717 N. Harwood Debtor to pay the secured debt in full, with the termination of the automatic stay and with SKW-B Harwood authorized to record a deed in lieu of foreclosure if that deadline is not met. SKW-B Harwood has indicated that it opposes the appointment of a Chapter 11 trustee or the conversion of the 717 N. Harwood Case at least until after the April 15 deadline has passed.  The 717 N Harwood Debtor intends to bring a motion to repay SKW-B Harwood's secured debt in advance of the April 15 deadline and seek to exit the case at that time.  Implementation of a US Trustee at

this time could derail or delay the financing and dismissal of the case.

6.     **WC Met Center LLC (Case No. 21-10698)** ("**Met Center**").  The Met Center Debtor and its secured lender, SKW-B Acquisitions Seller C, LLC ("**SKW-B Met Center**") have agreed to a deadline of April 15, 2022 for the 717 N. Harwood Debtor to pay the secured debt in full, with the termination of the automatic stay and with SKW-B Met Center authorized to record a deed in lieu of foreclosure if that deadline is not met. SKW-B Met Center has indicated that it opposes the appointment of a Chapter 11 trustee or the conversion of the Met Center at least until after the April 15 deadline has passed.  The Met Center Debtor intends to bring a motion to repay SKW-B Met Center's secured debt in advance of the April 15 deadline and seek to exit the case at that time.  Implementation of a US Trustee at this time could derail or delay the financing and dismissal of the case.

### Payment of Delinquent U.S. Trustee Fees

7.     On March 22, each of the Debtors transmitted funds in an amount calculated to satisfy all past-due U.S. Trustee fees and provided reference numbers for each of those payments to the U.S. Trustee.

### Monthly Operating Reports

8.     The Debtors have filed all delinquent MORs though January 2022 and are finalizing their February 2022 MORs for filing by March 24.

9.     The U.S. Trustee's complaints regarding the sufficiency of MOR filings to date is simply improper and, moreover, mostly incorrect. First, the U.S. Trustee's motions to convert the Debtors' bankruptcy cases is not based on any alleged inadequacy of past MOR filings, but on delinquent filings for the period November 2021 through January 2022.  The U.S. Trustee allegations in its Comment does not permit the Debtors sufficient opportunity to meanfully

consider and address those alleged issues.

10.    That stated, the Debtors contend that  myriad assertions raised by the U.S. Trustee are   generally  incorrect  or  immaterial.   Attached  hereto  as  Exhibit  A  is  a  declaration  of  Jeff Worley addressing the incorrect assertions.  The Debtors incorporate Mr. Worley's declaration as if fully set forth herein.

Dated:  the 23rd day of March, 2022.

Respectfully submitted,

FISHMAN JACKSON RONQUILLO PLLC

 /s/ Mark H. Ralston
Mark H. Ralston
State Bar No. 16489460
Fishman Jackson Ronquillo PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX 75240
Telephone: (972) 419-5544
Facsimile: (972) 419-5501
E-mail: mralston@fjrpllc.com

COUNSEL FOR DEBTOR

## CERTIFICATE OF SERVICE

This is to certify that the undersigned caused a true and correct copy of the foregoing document to be served on all persons receiving electronic notice of filings in this case through the ECF system, and by email on the persons listed below, on this, the 23rd day of March, 2022.

Counsel for the U.S. Trustee:
    J. Casey Roy
    E-mail: Casey.Roy@usdoj.gov

Counsel for Kennedy Lewis Investment Management, LLC
    Brad Kahn
    E-mail: bkahn@akingump.com

Counsel for SKW-B Harwood Seller J, LLC
    Teresa Driscoll
    E-mail: tdriscoll@moritthock.com


      /s/ Mark H. Ralston
     Mark H. Ralston

**EXHIBIT "A"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | |
| | § | Case No. 21-10698-tmd |
| WC Met Center, LLC, | § | |
| | § | |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |

## DECLARATION OF JEFFREY A. WORLEY, CPA

I, Jeffrey A. Worley, hereby declare the following and hereby certify, under penalty of perjury pursuant to the laws of the United States and the State of Texas, that it is true and correct to the best of my knowledge and belief:

1.      "My name is Jeffrey A. Worley.  I am over the age of 18 years and am competent and otherwise qualified to make this Declaration.  I have personal knowledge of the matters stated herein, and they are all true and correct to the best of my knowledge.

2.      I am executing this Declaration in connection with the *Debtor's Response to the United States Trustee's Comment to Order to Show Cause.* (the "**Response**")[1] filed by the captioned Debtor (the "**Debtor**"), the debtor and debtor-in-possession in the above-styled and numbered bankruptcy case (the "**Bankruptcy Case**").

3.      I have been involved in the preparation of the Debtor's MORs in the Bankruptcy Case. In connection with the methods and manner of preparation, I state as follows:

    a.  Global Accounting Assertions

        i.  The Debtor accrues rents and certain expenses on a monthly basis. Monthly a discussion occurs with Debtors prior to filing the MORs whether accruals

---

[1] Any undefined capitalized term in this Declaration shall have the same meaning ascribed to it as in the Response.

are appropriate if the Debtor has sufficient information to estimate and accrue certain expenses. Usually the information does not exist or give rise to an accrual. Real Estate taxes are not accrued monthly in the year of filing since the entire years' taxes are already included as a Secured Debt in the Schedules, a practice discussed and recommended by the US Trustee's office.  The 2022 MORs include monthly RE Tax accruals.

ii.   Generally there is a difference in reporting methods of the MORs, Cash Collateral Budgets and Projections because they are presented on different basis. Early on in these cases the Debtors did accrued management fees, management expenses and management salaries reimbursement but this was objected to as Secured Lenders refused for it to be paid and demanded that it be removed from Cash Collateral Budgets and MOR presentation. Plan Projections show these types of expenses but appropriately footnote and adjust in the expense the deferral of payment until all Creditors are paid, as WCRE has waived or deferred collection of fees and expenses. Certain Cash Collateral budgets do include Management Fees, but they are not paid and only reserve the rights for future potential payment.

iii.   This gave rise to the discussion referred to in to the Trustee's filing that we don't accrue expenses without a cash collateral budget in effect. While it is true that GAAP requires the earning process to be complete to accrue revenue (including a reasonable assurance of collection) and a reasonable estimation and payment for expenses for Expense Accruals this is violated if the Debtor can't pay the expense. This issue did give rise to discussions

of accounting theory with the US Trustee office, which Debtors believed to be resolved. Additionally, if the Debtor(s) don't have rights to Cash Collateral and therefore have vendors complete services post-petition, there is nothing to accrue. Interest was not accrued when Adequate Protection was not agreed to since there was always a dispute on the amount, validity and interest rate of the claim.

iv. In Summary, there is a reasonable reconciliation that could be performed between MORs, Plan Projections and Cash Collateral and the discrepancies noted in the UST's motion did not arise from mis-management. Additionally, these are single assets real estate cases, the accruals of the material revenue and expense items, rent, real estate taxes and interest have been covered above.

b. SCS Case.
   i. The SCS Debtor's MORs have shown accrued post-petition real estate tax liability for 2021 in its Post-Petition Liabilities report.
   ii. The third-party professional fee and capital contribution treatment reflected in the MORs was per the discussion of the UST office

c. 3rd & Trinity Case
   i. Alleged failure to reflect accrued utility expenses is incorrect insofar as it is my understanding that tenants pay these expenses directly.

d. Arboretum Case
   i. I am not aware of any accrual items to be reported in this matter, although there has been repair and maintenance expenditures beginning in November 2021 which may have been deferred items
   ii. MORs reflect ongoing utility expenses shown, so no accrual adjustments are necessary.

e. 717 N. Harwood Case.
   i. Issues involving expense disbursements in the partial first month were addressed once a cash collateral order was in place

---

DECLARATION OF JEFFREY A. WORLEY, CPA – Page 3

    ii.  The 717 N. Harwood Debtor informed the U.S. Trustee's office that the retainer paid to Columbia Consulting Group was in the form of a capital contribution by the Debtor's managing member.

  f.  Met Center Case.

    i.  The Met Center Debtor informed the U.S. Trustee's office that the retainer paid to Columbia Consulting Group was in the form of a capital contribution by the Debtor's managing member.

DECLARED under penalty of perjury this 23rd day of March, 2022.


By:   /s/ Jeffrey A. Worley
        Jeffrey A. Worley, CPA

---

5683743  FJR 23082.20